**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MICHAEL GREGORY,<br><br>　　Plaintiff,<br><br>v.<br><br>GULF COAST COLLECTION BUREAU, INC.,<br><br>　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:23-cv-01988<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL GREGORY ("Plaintiff"), by and through him undersigned attorney, complaining as to the conduct of GULF COAST COLLECTION BUREAU, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") pursuant to Fla. Stat. § 501.201 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Deland, Florida.

5. Defendant is a third-party debt collector regularly conducting business with consumers in the state of Illinois, and uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Florida. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 7560 Commerce Court, Sarasota, Florida 34243.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a medical debt ("subject consumer debt") that Plaintiff purportedly owes.

8. The subject consumer debt was originally owed to Halifax Health in the approximate amount of $200.

9. Upon information and belief, the subject consumer debt was transferred to Defendant for collection purposes after Plaintiff's purported default.

10. Approximately in August of 2023, Defendant began placing collection phone calls to Plaintiff's home phone, (386) XXX-0405, seeking collection of the subject debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -0405. Plaintiff is and always has been financially responsible for the phone and its services.

12. Defendant has primarily used the phone number (866) 991-7360 when placing calls to Plaintiff's phone, but upon belief, they have used other numbers as well.

13. When Plaintiff answered Defendant's calls, Plaintiff was informed that Defendant was calling attempting to collect upon the subject debt.

14. Plaintiff subsequently informed Defendant that he has paid any debt owed in full and no remaining obligation exists.

15. During that call, Defendant informed Plaintiff that it will dispute the account.

16. However, despite promising to dispute the account and despite being informed that any debt owed has been paid in full and no remaining obligation exists, Defendant persisted in placing collection calls to Plaintiff's phone.

17. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding him rights, resulting in expended resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, being denied substantive information to which he was lawfully entitled, risk that would forego paying the subject consumer debt as a result of Defendant's conduct, risk that he would waive otherwise available dispute and validation rights as a result of Defendant's conduct, and numerous violations of him state and federally protected interests to be free from deceptive and harassing debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

24. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. Instead of putting an end to these harassing phone calls, Defendant systematically placed calls to Plaintiff's home phone to force him to ultimately make a payment.

Furthermore, Defendant's deceptive attempt to collect upon a debt for which Plaintiff had no underlying obligation, illustrates Defendant's violation of § 1692e, e(2) and e(10).

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits the collection of "any amount not authorized by the agreement creating the debt or permitted by law."

30. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. It is undoubtedly unfair and unconscionable for a debt collector like Defendant to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendant sought collection.

WHEREFORE, Plaintiff, MICHAEL GREGORY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The transactions giving rise to these claims constitute "trade or commerce" defined by Fla. Stat. § 501.203(8).

30. Pursuant to the FDUTPA § 501.204(1), "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

31. The provisions of the FDUTPA "shall be construed liberally to . . . protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

32. Violations of the FDUTPA further consider the rules promulgated in connection with the Federal Trade Commission Act, the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts, as well as any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. *See* Fla. Stat. § 501.203.

33. Defendant's actions in attempting to collect upon a debt not owed clearly demonstrate both deceptive and unfair conduct, in direct violation of § 501.204(1). By falsely representing to Plaintiff that there was an outstanding debt, Defendant not only presented a misleading narrative but also exerted undue pressure on Plaintiff to settle an obligation that did not exist. Such behavior is inherently deceptive, and unfair.

WHEREFORE, Plaintiff, MICHAEL GREGORY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Fla. Stat. § 501.211(2);

c. Enter a declaratory judgment finding that the above referenced conduct is in violation of the above referenced statutes and regulations, pursuant to Fla. Stat. § 501.211(1);

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Fla. Stat. §501.211(1);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to Fla. Stat. §501.2105; and,

f. Award any other relief this Honorable Court deems equitable and just.

Dated: October 16, 2023

Respectfully Submitted,

*/s/Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone:(630) 575-8181 Ext. 180
Fax: (630) 575-8188
ataylor@sulaimanlaw.com